**Max Margulies, Defendant in Error, v. Fred Oppenheimer, Plaintiff in Error.**

**Gen. No. 15,184.**

Employer and Employe—*what does not authorize arbitrary discharge.* The right to terminate a contract of employment "for cause" means such cause as is contributed to by the employe and does not authorize an arbitrary discharge by the employer even though he may be the sole judge of the cause.

Error to the Municipal Court of Chicago; the Hon. Judson F. Going, Judge, presiding. Heard in the Branch Appellate Court at the

Margulies v. Oppenheimer, 159 Ill. App. 520.

March term, 1910.  Affirmed.  Opinion filed January 24, 1911.  Rehearing denied March 3, 1911.

HENRY S. BLUM, for plaintiff in error.

HARRY C. LEVINSON, for defendant in error.

MR. JUSTICE BALDWIN delivered the opinion of the court.

Max Margulies sued Fred Oppenheimer in the Municipal Court of Chicago, and recovered a verdict and judgment for $196, which judgment Oppenheimer seeks to reverse upon a writ of error.

On June 22, 1907, Oppenheimer being then engaged in the general commission business in Chicago, employed Margulies upon a written contract, running till May 1, 1908, at a salary of $25 per week.  On December 7, 1907, without previous warning, he discharged Margulies, who sued for loss in wages by reason of his discharge.

Oppenheimer claims he was justified in discharging Margulies, because he found him inattentive to business, and otherwise unsatisfactory, and because the contract between them provided that the employer "for cause, may, at any time, terminate said employment, at his election.  Of the cause for discharge, said Fred Oppenheimer shall be the sole judge."

On the trial below, plaintiff (Margulies) contended that he was wrongfully discharged—not for "cause," as contemplated by the contract, but merely because Oppenheimer thought business too dull to justify paying the salary, and he hoped to re-hire plaintiff, after discharging him, at a much less salary.

The evidence was heard by a jury, who had the witnesses before them.  The instructions of the court fairly stated the law, and told the jury that, if they believed there was cause for the discharge, they must find for the defendant, if they believed that ʰ ᵣ acted in good faith.

Plaintiff in error seems to contend, however, that Oppenheimer, under the terms of the contract, might lawfully discharge Margulies for any reason. We do not so construe the contract. Margulies' contract for hiring was for a definite period, subject, however, to termination at any time "*for cause*," but this clearly means such "cause" as is contributed to by Margulies, and not merely an arbitrary act on the part of the other party to the contract, even though he be, as in this case, "the sole judge" of the "cause."

The jury was properly instructed; the evidence before them was conflicting. Much depended upon the credibility of the witnesses to determine whether Oppenheimer acted in good faith, and we cannot say the verdict was manifestly against the weight of the evidence.

The judgment must therefore be affirmed.

*Affirmed.*