## Lars Saarela, Defendant in Error, v. Carl Hoglund, Plaintiff in Error.

## Gen. No. 21,558.

1. MASTER AND SERVANT, § 11*—*when contract of employment definite as to time*. An agreement made in May for an employment to continue "until the winter is over" is definite as to time as the court will take judicial notice that winter comprises a period of three months, whether reckoned astronomically from the winter solstice, on December 22nd, to the vernal equinox, on March 21st, or according to the conventional method used in the United States as including December, January and February.

2. EVIDENCE, § 20*—*when court will take judicial notice of the seasons of the year*. The courts will take judicial notice of the seasons of the year.

3. MASTER AND SERVANT, § 50*—*when evidence sufficient to sustain finding that servant arbitrarily discharged*. In an action by a servant against his master for damages for breach of the contract of employment, evidence *held* sufficient to sustain a finding that plaintiff was arbitrarily discharged, it appearing that the right to so discharge him rested on the contention that he failed to return on a Saturday evening to clean out the ashes in the furnace after having, with the assumed consent of his employer, completed his work; that plaintiff was a union baker and that nine hours constituted a day's work of a union baker; that on such Saturday, plaintiff had worked three and one-half hours in excess of that time, and that cleaning out the ashes from the furnace was not a part of plaintiff's duty but devolved upon plaintiff's assistant, and that defendant did not claim that plaintiff's service as a baker was not satisfactory.

4. MASTER AND SERVANT, § 30*—*when work of servant must be satisfactory to the employer*. It is implied in every contract of employment that the work of the servant, without any specific agreement, must be done to the satisfaction of his employer.

5. MASTER AND SERVANT, § 29*—*when master may not discharge servant*. Even thought an employer has the right to discharge an employee "for any reason," if he in fact discharges him without any reason and without cause, he breaks the contract of employment and is liable for damages.

Error to the Municipal Court of Chicago; the Hon. P. B. FLANAGAN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 10, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

EDWARD A. MECHLING, for plaintiff in error.

M. EMMETT CLARE and OTTO CHRISTENSEN, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

In this action plaintiff, a journeyman baker, sued his employer, a master baker, for breach of a contract of employment, and on a trial before the court had his damages assessed at $85, and judgment was entered against defendant for that sum, in an effort to reverse which judgment defendant prosecutes this writ of error.

The learned trial judge made the following finding of fact: That plaintiff and defendant entered into a verbal contract May 3, 1914, whereby defendant agreed to employ plaintiff and plaintiff agreed to work for defendant as a baker at a weekly wage of $20 from that date "until the winter was over"; that in August, 1914, plaintiff procured another position, and after being absent one day returned to the employment of defendant at a wage of $17 per week, upon the statement of defendant that he would keep plaintiff "over the winter"; that defendant discharged plaintiff without cause on the 8th of November, 1914, and that plaintiff was unable to secure other employment until February 15, 1915, when he obtained a position at $23 per week; and further found that plaintiff was entitled to recover $85 as damages from defendant for his breach of contract.

A perusal of the testimony sustains, in our opinion, the court's findings. Defendant, however, urges for reversal that the contract was not for a definite time, that defendant discharged plaintiff, as he lawfully might, and that plaintiff at the utmost cannot recover for more than one week's wages. We are unable to acquiesce in these contentions. In the first place, the

contract was for a definite time. We think that the agreement made in May for an employment to continue "until the winter was over" is definite. Astronomically, winter begins in the latitude in which Chicago is situate when the sun enters Capricorn, at which time the sun is at its greatest distance from the equator, or at the winter solstice, about December 22nd, and ends with the commencement of the vernal equinox, which occurs about March 21st. This is a period of three months. In the United States the winter months are conventionally reckoned as comprising the months of December, January and February. Among other things, the court will take judicial notice of the seasons of the year; therefore, by which ever method winter is measured, it comprises three months. This makes the contract certain as to time.

The right to discharge plaintiff rests in the contention that he failed to return at the command of defendant on a Saturday evening after having, with the assumed assent of his employer, completed his work, for the purpose of cleaning out the ashes in the furnace. Plaintiff was a union baker, and it is not denied that nine hours constituted a union baker's day's work. On the Saturday in question plaintiff had worked three and one-half hours in excess of that time. We think the evidence demonstrates that the cleaning of the ashes from the furnace was not a part of plaintiff's duty as a baker, but that that duty devolved upon plaintiff's assistant.

The work of the servant, without any specific agreement, must be done to the satisfaction of his employer; this is implied in every contract of employment. Defendant makes no contention that plaintiff's service as a baker was not satisfactory. His discharge, therefore, for not removing the ashes was arbitrary and not justified by the terms of the employment contract. While it might be conceded that defendant had the right to discharge plaintiff "for any reason," defend-

ant in fact discharged plaintiff without any reason and without cause. *Margulies v. Oppenheimer,* 159 Ill. App. 520. In so doing he breached the contract and is liable for the damages which the trial court assessed against him.

The judgment of the Municipal Court being without error is affirmed.

*Affirmed.*